**Steve D. Larson,** OSB No. 863540
Email: slarson@ssbls.com
**Joshua L. Ross**, OSB No. 034387
Email: jross@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Diana E. Godwin**, OSB No. 761495
Email: DianaGodwin@earthlink.net
Law Offices of Diana E. Godwin
1500 NE Irving Street Suite 370
Portland, Oregon  97232
Telephone: (503) 224-0019
Facsimile: (503) 229-0614

**Attorneys for Plaintiff**

[Additional Counsel Appear on Signature Page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHEHALEM PHYSICAL THERAPY, INC., | |
| Plaintiff, | Case No.: _____ |
| v. | CLASS ACTION ALLEGATION COMPLAINT (Breach of Contract; Injunctive Relief) |
| COVENTRY HEALTH CARE INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Chehalem Physical Therapy, Inc. ("plaintiff"), through undersigned counsel, files this

Class Action Complaint for Damages and Injunctive Relief against Coventry Health Care, Inc.

("defendant") and alleges and states as follows:

**Page  1 – CLASS ACTION ALLEGATION COMPLAINT**

## NATURE OF THE CASE

### 1.

This is a class action brought on behalf of health care providers ("providers" or "class members") who have had or have First Health Preferred Provider Organization ("PPO") agreements with defendant. At all relevant times, defendant systematically and routinely breached its First Health PPO Provider Agreements with plaintiff and members of the class by miscalculating the amount of allowable discounts to be applied to reimbursement amounts owed to providers of workers' compensation medical services, when the amount billed by the provider was less than the applicable state workers' compensation fee or reimbursement schedule.

### 2.

Plaintiff seeks damages that plaintiff and all members of the Damages Class (as defined in paragraph 23 below) have sustained by virtue of defendant's breach of contract with the providers. Plaintiff also seeks, on behalf of the proposed Injunctive Class (as defined in paragraph 22 below), injunctive relief requiring defendant to comply with the reimbursement terms outlined in defendant's First Health PPO Provider Agreements with health care providers.

## PARTIES

### 3.

Plaintiff Chehalem Physical Therapy is a health care provider and an Oregon Corporation located in Yamhill County. At all material times, plaintiff had a PPO Provider Agreement with defendant.

### 4.

Defendant is and at all relevant times was a domestic corporation organized under the laws of Delaware with its principal place of business in Bethesda, Maryland. In addition

**Page 2 – CLASS ACTION ALLEGATION COMPLAINT**

defendant owns and operates, and at all relevant times has owned and operated, the First Health PPO Network.

## 5.

Defendant may be served with process by and through its corporate officers at its corporate headquarters in Bethesda, Maryland.

### JURISDICTION AND VENUE

## 6.

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332 because it is a suit between the citizens of different states and the amount in controversy exceeds $75,000.00. This Court also has jurisdiction under 28 U.S.C. 1711 *et. seq.* and 28 U.S.C. 1332(d) because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from the defendant.

## 7.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and (c), because defendant engages in substantial business in this district and because a substantial part of the conduct giving rise to the claims occurred in this district.

### FACTUAL ALLEGATIONS

## 8.

Defendant owns and operates the First Health PPO Network. In the course of its business, Defendant contracted with plaintiff and members of the class, all of whom joined the First Health PPO Network. In the course of its business, defendant contracts with various workers' compensation payors to allow those payors access to the First Health PPO Network. Also in the course of its business, defendant operates a proprietary bill review software system

**Page 3 – CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

00198809.DOC

(the MPCS platform) which calculates for the payor the amount of the First Health PPO discount that is required under the agreement between defendant and the providers.

**9.**

Under the standard First Health PPO Provider Agreement, providers submit to various First Health contracted workers' compensation payors itemized workers' compensation bills for treatment provided to injured workers. The First Health contracted payor, in turn, electronically submits to First Health relevant data that is used by defendant to determine the amount of any applicable First Health discount to be applied to the reimbursement of the provider's bill. Defendant uses its MPCS proprietary computer software platform to calculate the amount of the First Health PPO discount allowed under that provider's agreement.

**10.**

The standard First Health PPO Provider Agreement includes a provision that provides that, for services provided to injured workers for compensable on-the-job injuries, providers are reimbursed the lesser of (a) the provider's billed charge, or (b) a stated percentage of the applicable state workers' compensation fee or reimbursement schedule.

**11.**

In the standard First Health PPO Provider Agreement, defendant promised plaintiff and members of the class that each provider's First Health workers' compensation payor will reimburse the provider pursuant to the terms of defendant's First Health PPO Provider Agreement.

**12.**

Defendant has separate payor agreements with each of its workers' compensation payor clients. Those agreements require the payor to reimburse providers for workers' compensation

**Page  4 – CLASS ACTION ALLEGATION COMPLAINT**

services pursuant to the terms of the First Health PPO Provider Agreements between defendant and the providers.

### 13.

In 1998 plaintiff and defendant entered into a standard First Health PPO Provider Agreement which has been in effect at all times since July 1, 1998.

### 14.

At all relevant times, rather than calculating the reimbursement amount guaranteed by the standard First Health PPO Provider Agreements, defendant systematically and routinely miscalculated the amounts of reimbursements to plaintiff and to members of the proposed class of health care providers.

### 15.

Each time plaintiff or a member of the class submitted a bill to its workers' compensation payor in an amount less than the applicable workers' compensation fee schedule, defendant's proprietary MPCS computer platform improperly applied the stated percentage from the workers' compensation fee schedule to the amount actually billed by the provider, rather than applying the stated percentage to the applicable state workers' compensation schedule.

### 16.

In doing so, defendant breached its First Health PPO Provider Agreements with plaintiff and members of the class by uniformly applying the contractually stated percentage discount to the actual amount billed, rather than to the applicable state workers' compensation schedule, resulting in a greater discount than is allowed under the contract.

### 17.

Stated another way, the standard First Health PPO Provider Agreement calls for a discount off the applicable state workers' compensation fee or reimbursement schedule only, and

**Page 5 – CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

00198809.DOC

not off the actual billed amount. Defendant's proprietary MPCS computer platform, instead,

applied the stated percentage to the billed amount each time that the billed amount was less than

the applicable state fee schedule.

**18.**

An example of this breach of the standard First Health PPO Provider Agreement is

illustrated as follows:

- If the applicable workers' compensation state fee schedule allows for a $100.00 reimbursement for a particular medical service, and the provider bills $90.00 for that service, the standard First Health PPO Provider Agreement requires that defendant calculate the reimbursement as the lesser of the billed amount ($90.00) or 80% of the state fee schedule amount ($100.00). Thus, the agreement requires defendant to calculate a reimbursement of $80.00.

- However, defendant's proprietary MPCS computer platform repeatedly applied the stated percentage discount to the actual amount billed when that amount was less than the applicable state workers' compensation fee schedule.

- In this example, defendant would have calculated a reimbursement of 80% of the $90.00 billed amount (or $72.00) rather than the $80.00 required under the standard First Health PPO Provider Agreement. Accordingly, in this example, defendant has breached its agreement by directing the payor to pay $8.00 less than is required under the contract.

**19.**

Defendant's actions have resulted in repeated and systematic underpayment of workers'

compensation medical bills that have been improperly discounted pursuant to, but in violation of,

defendant's standard First Health PPO Provider Agreement.

**20.**

Defendant repeatedly and systematically miscalculated the amount of the reimbursement

owed to plaintiff and all members of the class in violation of its agreement with plaintiff and all

members of the class.

**Page  6 – CLASS ACTION ALLEGATION COMPLAINT**

## CLASS ACTION ALLEGATIONS

### 21.

Pursuant to FRCP 23 plaintiff brings this class action on his own behalf and as a representative of a proposed class of all health care providers similarly situated, consisting of the following two classes:

### 22.

The Injunctive Class: All health care providers who have a First Health PPO Provider Agreement. Excluded from the class are health care providers in the state of Louisiana.

### 23.

The Damages Class: All health care providers who have or have had a First Health PPO Provider Agreement and who have submitted a workers' compensation medical bill to a First Health contracted workers' compensation payor in an amount less than the applicable state workers' compensation fee or reimbursement schedule, and who received reimbursement which included a First Health PPO discount as determined by defendant's proprietary MPCS computer platform. Excluded from the class are health care providers in the state of Louisiana.

### 24.

The class is so numerous that joinder of all members is impractical. Plaintiff does not know the exact size of the class but, on information and belief, believes that thousands of medical providers who provide services to injured workers' under their state workers' compensation systems have been damaged by defendant's breach of its contractual obligations.

### 25.

Due to the large number of providers who have entered into a First Health PPO Provider Agreement, and the repeated and systematic way in which defendant's proprietary computer

**Page 7 – CLASS ACTION ALLEGATION COMPLAINT**

platform has miscalculated the amount of the proper reimbursement owed, plaintiff believes that the number of putative class members is so large as to render joinder of all class members impracticable.

### 26.

The precise number of class members and their contact information are readily ascertainable from defendant's records. Class Members may be notified of the pendency of this action by first-class mail, supplemented, if deemed necessary or appropriate by the Court, by published notice.

### 27.

In addition to other relevant data, the amount of any improper discount applied to a reimbursement paid to plaintiff or members of the class, the dates of all services provided by plaintiff or members of the class, and all applicable fee schedules are available in an electronically searchable format in a database maintained by defendant.

### 28.

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class that predominate over questions affecting only individual members. These common questions include, but are not limited to the following:

(a) Whether the First Health PPO Provider Agreement requires that defendant calculate the appropriate reimbursement owed to providers of workers' compensation services as the lesser of (a) the provider's billed charge, or (b) the stated percentage of the applicable state workers' compensation fee or reimbursement schedule;

(b) Whether defendant's proprietary MPCS computer platform applied the stated percentage to the billed amount each time that the billed amount was less than the applicable state workers' compensation fee or reimbursement schedule;

**Page  8 – CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

00198809.DOC

(c)  Whether defendant breached its First Health PPO Provider Agreement by repeatedly and systematically miscalculating the amount of the reimbursement owed to plaintiff and members of the class in violation of its agreement with plaintiff and members of the class;

(d) Whether defendant's breach of contract caused plaintiff and members of the class damages; and

(e) Whether, in the absence of injunctive relief, defendant's continued breach of its contractual obligations will cause irreparable harm to members of the Injunctive Class.

### 29.

Plaintiff's claims and defenses are typical of the claims and defenses of the classes that plaintiff proposes to represent. If defendant has breached its contractual obligations by its failure to adhere to the reimbursement provisions for payment of workers' compensation services in the First Health PPO Provider Agreements with plaintiff and members of the class, then each member of the Damages Class and each member of the Injunctive Class is entitled to relief.

### 30.

Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the members of the class. Plaintiff has retained counsel experienced in complex class action litigation and intends to vigorously prosecute this action. The interests of the class members will be fairly and adequately represented by Plaintiff and its counsel. Plaintiff is willing to take an active part in the litigation and to perform the duties expected of a class representative.

### 31.

Trying the individual claims of class members would result in inconsistent or varying decisions on those claims and would establish incompatible standards of conduct for defendant.

**Page  9 – CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

00198809.DOC

**32.**

Trying the individual claims of class members would create a risk of findings and rulings

that are, as a practical matter, dispositive of the interests of other class members and would deny

other class members the opportunity to protect their own interests.  Individual trials would also

create a risk of depleting the financial resources of defendant in favor of those whose cases are

tried first.

**33.**

Plaintiff and members of the Injunctive Class seek to enjoin actions and/or inactions of

defendant on grounds generally applicable to the class, thereby making final injunctive relief or

corresponding declaratory relief with respect to the class as a whole appropriate.

**34.**

A class action is superior to other available methods of the fair and efficient adjudication

of the controversy, for at least the following reasons:

(a) The prosecution of separate actions creates a risk of inconsistent or varying

adjudications;

(b) The common questions of law and fact described in paragraph 28 above predominate

over questions affecting only individual members.  On information and belief, the amount of

damages for each class member can be calculated with defendant's computer systems;

(c) Individual class members would have little interest in individually controlling the

prosecution of separate actions because the amount of each individual claim is relatively small

compared to the complexities of the issues and the expenses of litigation.

(d) This is a desirable forum because this Court has significant experience managing

class actions;

**Page  10 – CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

(e) A class action will be an efficient method of adjudicating the claims of the class members; and

(f) Class members have claims that are not significant in amount relative to the expense of the litigation, so separate actions would not afford significant relief to the members of the class. The damages caused to members of the proposed Damages Class are likely very small as to any particular bill submitted to defendant.  The amount of underpayment is the difference between the actual billed amount discounted by the contractually stated percentage, and the amount allowed under the applicable state fee reimbursement schedule discounted by the contractually stated percentage.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

**35.**

Plaintiff restates and realleges the above paragraphs as if fully set forth herein

**36.**

Defendant breached its First Health PPO Provider Agreements by miscalculating the reimbursement amount guaranteed in those Agreements.  In doing so, defendant caused plaintiff and all members of the class to receive reimbursement for medical services provided to workers' compensation patients in amounts less than what was owed to them.

**37.**

Defendant's breach of contract was routine and systematic and was accomplished through use of defendant's proprietary automated computer software system.  As a result, defendant's breach of contract with plaintiff and all members of the class did not vary in any way from provider to provider, but instead constituted a uniform breach of contract.

**Page  11 – CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

00198809.DOC

**38.**

As a direct and proximate result of defendant's breach of contract, plaintiff and all members of the Damages Class have been injured and damaged in a similar manner and are entitled to recover damages from defendant, including prejudgment interest.

### SECOND CLAIM FOR RELIEF
(Injunctive Relief)

**39.**

Plaintiff restates and realleges the above paragraphs as if fully set forth herein

**40.**

Defendant is required to comply with the terms of its First Health PPO Provider Agreements.  In violation of the payment provisions of that contract, defendant has caused providers to receive payment in an amount less than required by the contract, and as set forth above.  For those reasons, Plaintiff seeks a mandatory injunction compelling defendant to comply with the terms of its First Health PPO Provider Agreements relative to payment for workers' compensation medical services.

**41.**

Additionally, the Injunctive Class has suffered and will continue to suffer irreparable harm as a result of defendant's systematic and routine breach of contract.  Insofar as the identified breach of contract is accomplished through defendant's own proprietary software system, a mandatory injunction can be achieved through simple corrective software programming and/or re-programming.

### JURY DEMAND

**42.**

Plaintiff hereby demands a trial by jury for all issues so triable.

**Page 12 – CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## PRAYER FOR RELIEF

WHEREFORE, plaintiff individually, and on behalf of all others similarly

situated, prays for the following relief:

A.   An order certifying the defined classes with plaintiff as class representative;

B.   A judgment against defendant, and awarding members of the Damages Class their damages in an amount to be proven at trial;

C.   Prejudgment and postjudgment interest, as afforded by law;

D.   All costs of these proceedings;

E.   Injunctive relief as set forth above; and

F.   All such other legal and equitable relief to which plaintiffs and members of the classes are entitled.

DATED this 25th day of March, 2009.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: _____

**Steve D. Larson**, OSB No. 863540
Email: slarson@ssbls.com
**Joshua L. Ross**, OSB No. 034387
Email: jross@stollberne.com
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

-AND-

**Diana E. Godwin**, OSB No. 761495
Email: DianaGodwin@earthlink.net
Law Offices of Diana E. Godwin
1500 NE Irving Street Suite 370
Portland, Oregon  97232
Telephone: (503) 224-0019
Facsimile:  (503) 229-0614

-AND-

**Page  13 – CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL: (503) 227-1600  FAX (503) 227-6840

00198809.DOC

**Thomas A. Filo** (*pro hac vice* pending)
Email: tomfilo@yahoo.com
Cox Cox Filo Camel & Wilson, LLC
723 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 436-6611
Facsimile: (337) 436-9541

-AND-

**Stephen B. Murray** (*pro hac vice* pending)
Email: smurray@murray-lawfirm.com
**Arthur M. Murray** (*pro hac vice* pending)
Email: amurray@murray-lawfirm.com
**Korey. A. Nelson** (*pro hac vice* pending)
Email: knelson@murray-lawfirm.com
Murray Law Firm
650 Poydras Street, Suite 1100
New Orleans, Louisiana 70130
Telephone: (504) 525-8100
Facsimile: (504) 584-5249

-AND-

**Joseph Payne Williams, Sr.** (*pro hac vice* pending)
Email: jpwpw@cp-tel.net
**Richard Bray Williams** (*pro hac vice* pending)
Email: bray@cp-tel.net
Williams Family Law Firm, LLC
162 Jefferson Street
Natchitoches, Louisiana 71457
Telephone: (318) 352-6695
Facsimile: (318) 352-6696

**Attorneys for Plaintiff**

Page  14 – CLASS ACTION ALLEGATION COMPLAINT