IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


CHEHALEM PHYSICAL THERAPY,                  09-CV-320-HU
INC.,
          Plaintiff,                        OPINION AND ORDER

v.

COVENTRY HEALTH CARE, INC.,

          Defendant.


STEVE D. LARSON
JOSHUA L. ROSS
Stoll Stoll Berne Lokting & Shlachter
209 S.W. Oak Street
Fifth Floor
Portland, OR 97204
(503) 227-1600

DIANA E. GODWIN
1500 N.E. Irving Street
Suite 370
Portland, OR 97232
(503) 224-0019


1 - OPINION AND ORDER

**ARTHUR M. MURRAY**
**STEPHEN B. MURRAY**
**STEPHEN B. MURRAY , JR.**
**KOREY A. NELSON**
Murray Law Firm
650 Poydras Street
Suite 1100
New Orleans, LA 70130
(504) 525-8100

**JOSEPH PAYNE WILLIAMS, SR.**
**RICHARD BRAY WILLIAMS**
Williams Family Law Firm, LLC
162 Jefferson Street
Natchitoches, LA 71457
(318) 352-6695

**THOMAS A. FILO**
Cox Cox Filo Camel & Wilson, LLC
723 Broad Street
Lake Charles, LA 70601
(337) 436-6611

                Attorneys for Plaintiff

**JOHN F. MCGRORY, JR.**
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue
Suite 2300
Portland, OR 97201-5630
(503) 241-2300

**V. ROBERT DENHAM, JR.**
**JENNIFER A. ADLER**
Robins, Kaplan, Miller & Ciresi L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA 30326
(404) 760-4300

                Attorneys for Defendant

**BROWN, Judge.**

     This matter comes before the Court on Defendant's Motion

(#59) to Amend Order to Include Certification for Interlocutory
Review under 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Disposition of the Interlocutory Appeal.  For the following
reasons, the Court **DENIES** Defendant's Motion.


## BACKGROUND

The following facts are taken from the Findings and
Recommendation (#59) issued September 30, 2009:

Plaintiff Chehalem Physical Therapy is a health-care
provider who had an agreement with Defendant Coventry Health
Care, Inc.  Under the Agreement, Defendant provided Plaintiff
with access to its provider network and maintained a proprietary
bill-review software system (the MCPS platform) that calculated
the amount due to Plaintiff pursuant to the Provider Agreement
between Defendant and Plaintiff.

On March 25, 2009, Plaintiff brought a proposed class action
in this Court for breach of contract in which it alleges
Defendant breached its Provider Agreements with Plaintiff and
others by incorrectly calculating the reimbursement due to
participating providers who submitted worker's compensation
medical bills.  The Provider Agreements include a provision that
providers are to be reimbursed the lesser of (1) the provider's
billed charge or (2) a stated percentage of the applicable state
worker's compensation fee schedule.  Plaintiff asserts each time

3 - OPINION AND ORDER

a provider submitted a bill in an amount less than the fee schedule, the MCPS platform applied the stated percentage to the amount actually billed by the provider rather than to the fee schedule, which resulted in a greater discount than was actually provided for under the Provider Agreements.

On April 29, 2009, Defendant moved for summary judgment as to Plaintiff's individual claim for breach of contract on the ground that even if the Court assumed as true Plaintiff's allegations that Defendant improperly paid 80% of its billed charges when those charges were less than the fee schedule (rather than 80% of the fee schedule), that discount was permitted under the Provider Agreement.  Plaintiff, in turn, contended Defendant's interpretation of the Provider Agreement is unreasonable or, in the alternative, that the Agreement is ambiguous.

On September 30, 2009, Magistrate Judge Dennis James Hubel issued Findings and Recommendation in which he recommended the Court deny Defendant's Motion for Summary Judgment.

Defendant filed timely Objections to the Findings and Recommendation.

On December 15, 2009, the Court issued an Order adopting the Findings and Recommendation and denying Defendant's Motion for Summary Judgment on the ground that the language of the Provider Agreement is unambiguous and Defendant's interpretation was

4 - OPINION AND ORDER

unreasonable.  The Court noted Defendant, in its Objections, reiterated the arguments contained in its Motion for Summary Judgment.  The Court also found Defendant's contention that the Magistrate Judge misquoted the terms of the Agreement did not have merit.  The Magistrate Judge found the phrase "maximum amount payable" refers only to the amount listed in the fee schedule and that the Agreement expressly distinguishes between the amount charged by a provider and the amount listed in the fee schedule, which is the maximum amount payable under the fee schedule.  Thus, the Magistrate Judge did not misquote the terms of the Agreement.

On December 29, 2009, Defendant filed a Motion to Amend Order to Include Certification for Interlocutory Review under 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Disposition of the Interlocutory Appeal.

## DISCUSSION

**I.    Standards**

28 U.S.C. § 1929(b) provides:

> When a district judge, in making in a civil action
> an order not otherwise appealable under this
> section, shall be of the opinion that such order
> involves a controlling question of law as to which
> there is substantial ground for difference of
> opinion and that an immediate appeal from the
> order may materially advance the ultimate
> termination of the litigation, he shall so state
> in writing in such order.  The Court of Appeals
> which would have jurisdiction of an appeal of such

action may thereupon, in its discretion, permit an
appeal to be taken from such order, if application
is made to it within ten days after the entry of
the order:  Provided, however, That application
for an appeal hereunder shall not stay proceedings
in the district court unless the district judge or
the Court of Appeals or a judge thereof shall so
order.

The Ninth Circuit has noted § 1292(b) "'is to be applied
sparingly and only in exceptional circumstances."'  *Brizzee v.
Fred Meyer Stores, Inc.*, No. CV 04-1566-ST, 2008 WL 426510, at *4
(D. Or. Feb. 13, 2008)(quoting *United States v. Woodbury*, 263
F.2d 784, 799 n.11 (9th Cir. 1959)).  *See also James v. Price
Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002)
(interlocutory appeal may be approved in "rare circumstances").
Section 1292(b) is reserved for "'extraordinary cases where
decision of an interlocutory appeal might avoid protracted and
expensive litigation,' such as 'antitrust and similar protracted
cases.'"  *Id.* (quoting *United States Rubber Co. v. Wright*, 359
F.2d 784, 785 (9th Cir. 1966)).  The Ninth Circuit has explained
§ 1292(b) "was not intended merely to provide review of difficult
rulings in hard cases."  *Wright*, 359 F.2d at 785.  Interlocutory
appeals are limited to "rare circumstances" because they are a
"departure from the normal rule that only final judgments are
appealable."  *James*, 283 F.3d at 1067 n.6.  "Routine resort to
§ 1292(b) requests would hardly comport with Congress' design to
reserve interlocutory review for 'exceptional' cases while
generally retaining for the federal courts a firm final judgment

6 - OPINION AND ORDER

rule." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (citations omitted).

## II. The Court declines to authorize interlocutory appeal of its December 15, 2009, Order.

Defendant contends the Court should authorize an interlocutory appeal of its December 15, 2009, Order because it involves a controlling question of law and substantial ground for difference of opinion as to that law. Defendant asserts an immediate appeal from the Court's Order could materially advance the ultimate termination of the litigation.

### A. The Court's December 15, 2009, Order does not involve a "pure question of law."

Although the Ninth Circuit has not addressed the issue, several other courts have concluded a "question of law" under § 1292(b) means a "pure question of law" rather than a mixed question of law and fact or the application of law to a particular set of facts. For example, in *Ahrenholz v. Board of Trustees of the University of Illinois*, the court explained:

> We think [Congress] used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.

219 F.3d 674, 675-77 (7th Cir. 2000). *See also Oliner v.*

*Kontrabecki*, 305 B.R. 510, 529 (N.D. Cal. 2004)("Because the alleged 'controlling questions of law' raised by Kontrabecki are inextricably intertwined with the bankruptcy court's factual findings, an interlocutory appeal is not appropriate."); *Keystone Tobacco Co., Inc. v. United States Tobacco Co.*, 217 F.R.D. 235, 239 (D.D.C. 2003)(When "the crux of an issue decided by the court is fact-dependent, the court has not decided a 'controlling question of law' justifying immediate appeal."); *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 212 F. Supp. 2d 903, 907 (S.D. Ind. 2002)("A question of law in this situation is one that presents 'an abstract legal issue' that can be 'decide[d] quickly and cleanly without having to study the record.'"); *Hulmes v. Honda Motor Co., Ltd.*, 936 F. Supp. 195, 210 (D.N.J. 1996)("Section 1292(b) was not designed to secure appellate review of 'factual matters' or of the application of the acknowledged law to the facts of a particular case[.]"); *In re St. Johnsbury Trucking Co.*, 186 B.R. 53, 55 (D. Vt. 1995) (court found no "controlling question of law" existed because the issue required resolution of fact questions); *North Carolina ex rel. Long v. Alexander & Alexander Servs., Inc.*, 685 F. Supp. 114, 115-16 (E.D.N.C. 1988)("Decisions that are 'fact specific' may not be appealed under § 1292(b)."); *Sec. & Exch. Comm'n v. First Jersey Sec., Inc.*, 587 F. Supp. 535 (S.D.N.Y. 1984)("The Court's decision . . . was predicated at least in part on

specific factual findings. . . .  Therefore, an appeal would
necessarily present a mixed question of law and fact, not a
controlling issue of pure law. Such an order is not appropriate
for certification pursuant to 28 U.S.C. 1292(b).").

Defendant contends Plaintiff's breach-of-contract claim
"turns on a single, controlling issue of law:  the interpretation
of its Provider Agreement."  As Plaintiff notes in its Response,
however, even though "the determination of whether contract
language is ambiguous is a question of law," interpretation of
the terms of a contract is a mixed question of law and fact.
*Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206,
1210 (9th Cir. 1999).  *See also County of Santa Clara v. Astra
USA, Inc.,* 588 F.3d 1237, 1243 (9th Cir. 2009)("The
interpretation of a contract is a mixed question of law and
fact.").

Accordingly, interpretation of the Provider Agreement
at issue here is not a pure question of law, and, therefore,
interlocutory appeal is inappropriate.

**B.   Defendant has not established there is a substantial
       ground for difference of opinion.**

Even if interpretation of the Provider Agreement was a
pure question of law, Defendant has not established there is "a
substantial ground for difference of opinion" as to that law.

To establish "a substantial ground for difference of
opinion exists," a party "must show more than its own

disagreement with a court's ruling." *Marsall v. City of Portland*, No. CV-01-1014-ST, 2004 WL 1774532, at *6 (D. Or. Aug. 9, 2004)(citing *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996)("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal."). A party "'must demonstrate a legitimate and substantial ground for difference of opinion' between and among judicial bodies." *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche*, No. C 05-04158 MHP, 2007 WL 1119193, at *2 (N.D. Cal. Apr. 16, 2007)(citation omitted). *See also APCC Servs., Inc. v. AT & T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003.)("A substantial ground for dispute [ ] exists where a court's challenged decision conflicts with decisions of several other courts.").

As noted, Defendant has not established the Court's decision in this case conflicts with the decisions of other courts. Defendant merely reiterates the arguments it made on summary judgment and in its Objections to the Findings and Recommendation. Thus, even if interpretation of the Provider Agreement involved a pure question of law, Defendant has not established there is a "legitimate and substantial ground for difference of opinion between and among judicial bodies."

10 - OPINION AND ORDER

Accordingly, on this record and in the exercise of its discretion, the Court **DENIES** Defendant's Motion.

## <u>CONCLUSION</u>

The Court **DENIES** Defendant's Motion (#59) to Amend Order to Include Certification for Interlocutory Review under 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Disposition of the Interlocutory Appeal.

IT IS SO ORDERED.

DATED this 9th day of March, 2010.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge


11 - OPINION AND ORDER