**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Joshua L. Ross**, OSB No. 034387
Email: jross@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Diana E. Godwin**, OSB No. 761495
Email: DianaGodwin@earthlink.net
Law Offices of Diana E. Godwin
1500 NE Irving Street Suite 370
Portland, Oregon  97232
Telephone: (503) 224-0019
Facsimile: (503) 229-0614

**Attorneys for Plaintiffs**

[Additional Counsel Appear on Signature Page]

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

CHEHALEM PHYSICAL THERAPY, INC.,
and SOUTH WHIDBEY PHYSICAL
THERAPY AND SPORTS CLINIC,

        Plaintiffs,

    v.

COVENTRY HEALTH CARE INC.,

      Defendant.

Case No.: <u>CV09-320 HU</u>

FIRST AMENDED CLASS ACTION
ALLEGATION COMPLAINT
(Breach of Contract; Injunctive Relief)

**<u>JURY TRIAL DEMANDED</u>**

Chehalem Physical Therapy, Inc. and South Whidbey Physical Therapy and Sports Clinic

("plaintiffs"), through undersigned counsel, file this Class Action Complaint for damages and

injunctive relief against Coventry Health Care, Inc. ("defendant") and allege and state as follows:

**Page 1 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

## NATURE OF THE CASE

### 1.

This is a class action brought on behalf of health care providers ("providers" or "class members") who have had or have First Health Preferred Provider Organization ("PPO") agreements with defendant.  At all relevant times, defendant systematically and routinely breached its First Health PPO Provider Agreements with plaintiffs and members of the class by miscalculating the amount of allowable discounts to be applied to reimbursement amounts owed to providers of workers' compensation medical services, when the amount billed by the provider was less than the maximum payable amount under the applicable state workers' compensation fee schedule.

### 2.

Plaintiffs seek damages that plaintiffs and all members of the Damages Class (as defined in paragraph 23 below) have sustained by virtue of defendant's breach of contract with the providers.  Plaintiff South Whidbey Physical Therapy and Sports Clinic also seeks, on behalf of the proposed Injunctive Class (as defined in paragraph 22 below), injunctive relief requiring defendant to comply with the reimbursement terms outlined in defendant's First Health PPO Provider Agreements with health care providers.

## PARTIES

### 3.

Plaintiff Chehalem Physical Therapy is a health care provider and an Oregon Corporation located in Yamhill County.  Plaintiff South Whidbey Physical Therapy and Sports Clinic is a healthcare provider and a Washington corporation located on Whidbey Island in Washington.  At all material times, plaintiffs had a PPO Provider Agreement with defendant.

**Page 2 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

**4.**

Defendant is and at all relevant times was a domestic corporation organized under the laws of Delaware with its principal place of business in Bethesda, Maryland.  In addition defendant owns and operates, and at all relevant times has owned and operated, the First Health PPO Network.

**5.**

Defendant may be served with process by and through its corporate officers at its corporate headquarters in Bethesda, Maryland.

## JURISDICTION AND VENUE

**6.**

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332 because it is a suit between the citizens of different states and the amount in controversy exceeds $75,000.00.  This Court also has jurisdiction under 28 U.S.C. 1711 *et. seq.* and 28 U.S.C. 1332(d) because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs are citizens of a state different from the defendant.

**7.**

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and (c), because defendant engages in substantial business in this district and because a substantial part of the conduct giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

**8.**

Defendant owns and operates the First Health PPO Network.  In the course of its business, Defendant contracted with plaintiffs and members of the class, all of whom joined the

**Page 3 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

First Health PPO Network.  In the course of its business, defendant contracts with various workers' compensation payors to allow those payors access to the First Health PPO Network. Also in the course of its business, defendant operates a proprietary software system (the MCPS platform) which calculates for the payor the amount of the First Health PPO discount that is required under the agreement between defendant and the providers.

**9.**

Under the standard First Health PPO Provider Agreement, providers submit to various First Health contracted workers' compensation payors itemized workers' compensation bills for treatment provided to injured workers.  The First Health contracted payor, in turn, electronically submits to First Health relevant data that is used by defendant to determine the amount of any applicable First Health discount to be applied to the reimbursement of the provider's bill. Defendant uses its MCPS proprietary computer software platform to calculate the amount of the First Health PPO discount allowed under that provider's agreement.

**10.**

The standard First Health PPO Provider Agreement includes a provision that provides that, for services provided to injured workers for compensable on-the-job injuries, providers are reimbursed the lesser of (a) the provider's billed charge, or (b) a stated percentage of the maximum payable amount under the applicable state workers' compensation fee schedule.

**11.**

In the standard First Health PPO Provider Agreement, defendant promised plaintiffs and members of the class that each provider's First Health workers' compensation payor will reimburse the provider pursuant to the terms of defendant's First Health PPO Provider Agreement.

**Page 4 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

**12.**

Defendant has separate payor agreements with each of its workers' compensation payor clients. Those agreements require the payor to reimburse providers for workers' compensation services pursuant to the terms of the First Health PPO Provider Agreements between defendant and the providers.

**13.**

Plaintiffs and defendant entered into standard First Health PPO Provider Agreements which have been in effect for a number of years

**14.**

At all relevant times, rather than calculating the reimbursement amount guaranteed by the standard First Health PPO Provider Agreements, defendant systematically and routinely miscalculated the amounts of reimbursements to plaintiffs and to members of the proposed class of health care providers when the discount was calculated using a percentage of the maximum payable amount under the applicable state's worker's compensation fee schedule.

**15.**

In those instances, each time plaintiffs or a member of the class submitted a bill to its workers' compensation payor in an amount less than the maximum payable amount under the applicable state's workers' compensation fee schedule, defendant's proprietary MCPS computer platform improperly applied the stated percentage from the PPO Provider Agreement to the amount actually billed by the provider.  Under the terms of the PPO Provider Agreements, that stated percentage was only to be applied to the maximum payable amount under the applicable state's workers' compensation fee schedule.

**Page 5 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

**16.**

In doing so, defendant breached its First Health PPO Provider Agreements with plaintiffs and members of the class by uniformly applying the contractually stated percentage discount to the actual amount billed, when the amount billed was less than the applicable workers' compensation fee schedule, resulting in a greater discount than allowed under the contract.

**17.**

Stated another way, the standard First Health PPO Provider Agreement calls for a discount off the maximum payable amount under the applicable state's workers' compensation fee schedule only, and not off the actual billed amount. Defendant's proprietary MCPS computer platform, instead, applied the stated percentage to the billed amount each time that the billed amount was less than the maximum payable amount under the applicable state fee schedule in those instances where the discount was calculated using a contractual provision requiring a discount based on a percentage of the maximum payable amount under the applicable state's workers' compensation fee schedule.

**18.**

An example of this breach of the standard First Health PPO Provider Agreement is illustrated as follows:

- If the maximum payable amount under the applicable workers' compensation state fee schedule allows for a $100.00 reimbursement for a particular medical service, and the provider bills $90.00 for that service, the standard First Health PPO Provider Agreement requires that defendant calculate the reimbursement as the lesser of the billed amount ($90.00) or 80% of the maximum payable amount under the applicable state fee schedule amount ($100.00). Thus, the agreement requires defendant to calculate a reimbursement of $80.00.

- However, defendant's proprietary MCPS computer platform repeatedly applied the stated percentage discount to the actual amount billed when that amount was less than the maximum payable amount under the applicable state workers' compensation fee schedule.

**Page 6 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

- In this example, defendant would have calculated a reimbursement of 80% of the $90.00 billed amount (or $72.00) rather than the $80.00 required under the standard First Health PPO Provider Agreement.  Accordingly, in this example, defendant has breached its agreement by directing the payor to pay $8.00 less than is required under the contract.

**19.**

Defendant's actions have resulted in repeated and systematic underpayment of workers' compensation medical bills that have been improperly discounted pursuant to, but in violation of, defendant's standard First Health PPO Provider Agreement.

**20.**

Defendant repeatedly and systematically miscalculated the amount of the reimbursement owed to plaintiffs and all members of the class in violation of its agreement with plaintiffs and all members of the class.

## CLASS ACTION ALLEGATIONS

**21.**

Pursuant to FRCP 23 plaintiffs bring this class action on their own behalf and as a representative of a proposed class of all health care providers similarly situated, consisting of the following two classes:

**22.**

The Injunctive Class: Plaintiff South Whidbey Physical Therapy and Sports Clinic seeks to represent an injunctive class made up of all health care providers who have a First Health PPO Provider Agreement that provides for a discount based on a percentage of the maximum payable amount under the applicable state's workers' compensation fee schedule.  Excluded from the class are health care providers in the state of Louisiana.

**Page 7 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**23.**

The Damages Class: Both plaintiffs seek to represent a damages class made up of all health care providers who have or have had a First Health PPO Provider Agreement that provides for a discount based on a percentage of the maximum payable amount under the applicable state's workers' compensation fee schedule and who have submitted a workers' compensation medical bill to a First Health contracted workers' compensation payor in an amount less than the maximum payable amount under the applicable state workers' compensation fee schedule, and who received reimbursement which included a First Health PPO discount as determined by defendant's proprietary MCPS computer platform based on a percentage of the maximum payable amount under the applicable state's workers' compensation fee schedule.  Excluded from the class are health care providers in the state of Louisiana.

**24.**

The class is so numerous that joinder of all members is impractical.  Plaintiffs do not know the exact size of the class but, on information and belief, believe that thousands of medical providers who provide services to injured workers' under their state workers' compensation systems have been and are continuing to be damaged by defendant's breach of its contractual obligations.

**25.**

Due to the large number of providers who have entered into a First Health PPO Provider Agreement, and the repeated and systematic way in which defendant's proprietary computer platform miscalculates the amount of the proper reimbursement owed, plaintiffs believe that the number of putative class members is so large as to render joinder of all class members impracticable.

**Page 8 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

**26.**

The precise number of class members and their contact information are readily ascertainable from defendant's records.  Class Members may be notified of the pendency of this action by first-class mail, supplemented, if deemed necessary or appropriate by the Court, by published notice.

**27.**

In addition to other relevant data, the amount of any improper discount applied to a reimbursement paid to plaintiffs or members of the class and the dates of all services provided by plaintiffs or members of the class are available in an electronically searchable format in databases maintained by defendant.

**28.**

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class that predominate over questions affecting only individual members.  These common questions include, but are not limited to the following:

(a)  Whether the First Health PPO Provider Agreement requires that defendant calculate the appropriate reimbursement owed to providers of workers' compensation services as the lesser of (a) the provider's billed charge, or (b) the stated percentage of the maximum payable amount under the applicable state's workers' compensation fee schedule;

(b)  Whether defendant's proprietary MCPS computer platform applied the stated percentage to the billed amount each time that the billed amount was less than the maximum payable amount under the applicable state's workers' compensation fee schedule in those instances where the discount was calculated using a contractual provision requiring a discount based on a percentage of the maximum payable amount under the applicable state's workers' compensation fee schedule;

**Page 9 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

(c)  Whether defendant breached its First Health PPO Provider Agreement by repeatedly and systematically miscalculating the amount of the reimbursement owed to plaintiffs and members of the class in violation of its agreement with plaintiffs and members of the class;

(d) Whether defendant's breach of contract caused plaintiffs and members of the class damages; and

(e) Whether, in the absence of injunctive relief, defendant's continued breach of its contractual obligations will cause irreparable harm to members of the Injunctive Class.

**29.**

Plaintiffs' claims and defenses are typical of the claims and defenses of the classes that plaintiffs propose to represent.  If defendant has breached its contractual obligations by its failure to adhere to the reimbursement provisions for payment of workers' compensation services in the First Health PPO Provider Agreements with plaintiffs and members of the class, then each member of the Damages Class and each member of the Injunctive Class is entitled to relief.

**30.**

Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class.  Plaintiffs have retained counsel experienced in complex class action litigation and intend to vigorously prosecute this action.  The interests of the class members will be fairly and adequately represented by Plaintiffs and their counsel. Plaintiffs are willing to take an active part in the litigation and to perform the duties expected of a class representative.

**31.**

Trying the individual claims of class members would result in inconsistent or varying decisions on those claims and would establish incompatible standards of conduct for defendant.

**Page 10 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

**32.**

Trying the individual claims of class members would create a risk of findings and rulings that are, as a practical matter, dispositive of the interests of other class members and would deny other class members the opportunity to protect their own interests.  Individual trials would also create a risk of depleting the financial resources of defendant in favor of those whose cases are tried first.

**33.**

Plaintiffs and members of the Injunctive Class seek to enjoin actions and/or inactions of defendant on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief with respect to the class as a whole appropriate.

**34.**

A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

(a) The prosecution of separate actions creates a risk of inconsistent or varying adjudications;

(b) The common questions of law and fact described in paragraph 28 above predominate over questions affecting only individual members.  On information and belief, the amount of damages for each class member can be calculated with data from defendant's computer systems;

(c) Individual class members would have little interest in individually controlling the prosecution of separate actions because the amount of each individual claim is relatively small compared to the complexities of the issues and the expenses of litigation.

(d) This is a desirable forum because this Court has significant experience managing class actions;

**Page 11 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

(e) A class action will be an efficient method of adjudicating the claims of the class members; and

(f) Class members have claims that are not significant in amount relative to the expense of the litigation, so separate actions would not afford significant relief to the members of the class. The damages caused to members of the proposed Damages Class are likely very small as to any particular bill submitted to defendant.  The amount of underpayment is the difference between the actual billed amount discounted by the contractually stated percentage, and the maximum payable amount allowed under the applicable state's fee schedule discounted by the contractually stated percentage.

## FIRST CLAIM FOR RELIEF
### (Injunctive Relief)

### 35.

Plaintiffs restate and reallege the above paragraphs as if fully set forth herein

### 36.

Defendant is required to comply with the terms of its First Health PPO Provider Agreements.  In violation of the payment provisions of that contract, defendant has caused providers to receive payment in an amount less than required by the contract, and as set forth above.  For those reasons, Plaintiff South Whidbey Physical Therapy and Sports Clinic seeks a mandatory injunction compelling defendant to comply with the terms of its First Health PPO Provider Agreements relative to payment for workers' compensation medical services.

### 37.

Additionally, the Injunctive Class has suffered and will continue to suffer irreparable harm as a result of defendant's systematic and routine breach of contract.  Insofar as the identified breach of contract is accomplished through defendant's own proprietary software

**Page 12 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

system, a mandatory injunction can be achieved by simply correcting the variables that are to be supplied to the MCPS proprietary software system.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

**38.**

Plaintiffs restate and reallege the above paragraphs as if fully set forth herein

**39.**

Defendant breached its First Health PPO Provider Agreements by miscalculating the reimbursement amount guaranteed in those Agreements.  In doing so, defendant caused plaintiffs and all members of the class to receive reimbursement for medical services provided to workers' compensation patients in amounts less than what was owed to them.

**40.**

Defendant's breach of contract was routine and systematic and was accomplished through use of defendant's proprietary automated computer software system.  As a result, defendant's breach of contract with plaintiffs and all members of the class did not vary in any way from provider to provider, but instead constituted a uniform breach of contract.

**41.**

As a direct and proximate result of defendant's breach of contract, plaintiffs and all members of the Damages Class have been injured and damaged in a similar manner and are entitled to recover damages from defendant, including prejudgment interest.

## JURY DEMAND

**42.**

Plaintiffs hereby demand a trial by jury for all issues so triable.

**Page 13 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs individually, and on behalf of all others similarly

situated, pray for the following relief:

A.    An order certifying the defined classes with plaintiffs as class representatives;

B.    A judgment against defendant, and awarding members of the Damages Class their damages in an amount to be proven at trial;

C.    Prejudgment and postjudgment interest, as afforded by law;

D.    All costs of these proceedings;

E.    Injunctive relief as set forth above; and

F.    All such other legal and equitable relief to which plaintiffs and members of the classes are entitled.

DATED this 9th day of May, 2011.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By:  /Joshua L. Ross
**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Joshua L. Ross**, OSB No. 034387
Email: jross@stollberne.com
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

-AND-

**Diana E. Godwin**, OSB No. 761495
Email: DianaGodwin@earthlink.net
Law Offices of Diana E. Godwin
1500 NE Irving Street Suite 370
Portland, Oregon  97232
Telephone: (503) 224-0019
Facsimile:  (503) 229-0614

-AND-

**Page 14 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**

**Thomas A. Filo** (*pro hac vice* pending)
Email: tomfilo@yahoo.com
Cox Cox Filo Camel & Wilson, LLC
723 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 436-6611
Facsimile: (337) 436-9541

-AND-

**Stephen B. Murray** (*pro hac vice* pending)
Email: smurray@murray-lawfirm.com
**Arthur M. Murray** (*pro hac vice* pending)
Email: amurray@murray-lawfirm.com
**Korey. A. Nelson** (*pro hac vice* pending)
Email: knelson@murray-lawfirm.com
Murray Law Firm
650 Poydras Street, Suite 1100
New Orleans, Louisiana 70130
Telephone: (504) 525-8100
Facsimile:  (504) 584-5249

-AND-

**Joseph Payne Williams, Sr.** (*pro hac vice* pending)
Email: jpwpw@cp-tel.net
**Richard Bray Williams** (*pro hac vice* pending)
Email: bray@cp-tel.net
Williams Family Law Firm, LLC
162 Jefferson Street
Natchitoches, Louisiana 71457
Telephone:  (318) 352-6695
Facsimile:  (318) 352-6696

**Attorneys for Plaintiffs**

**Page 15 – FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**