IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
AT PORTLAND

| | |
|---|---|
| CHEHALEM PHYSICAL THERAPY, INC., and SOUTH WHIDBEY PHYSICAL THERAPY AND SPORTS CLINIC,<br><br>PLAINTIFFS,<br><br>v.<br><br>COVENTRY HEALTH CARE, INC.,<br><br>DEFENDANT. | Case No. 3:09-CV-320-HU<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

HUBEL, Magistrate Judge:

This matter is before the court on motion of the plaintiffs Chehalem Physical Therapy, Inc. ("Chehalem") and South Whidbey Physical Therapy and Sports Clinic ("South Whidbey"), and defendant Coventry Health Care, Inc. ("Coventry") to preliminarily approve the settlement reflected in the Settlement Agreement entered into by plaintiffs and defendant, and submitted to the Court. The motion is fully briefed, and the Court heard oral argument on the motion on March 20, 2014. The Court, having reviewed and considered the Settlement Agreement, the Preliminary Approval Motion, and all memoranda, declarations, exhibits, and arguments of counsel presented in support of said motion, and good cause appearing therefor;

THE COURT HEREBY ORDERS AS FOLLOWS:

1. The Settlement is preliminarily approved as being within the range of a fair, reasonable and adequate class action settlement.

2. The Court hereby conditionally certifies, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3) the following class:

   All health care providers who have or have had a First Health provider agreement, whose provider agreements have an Appendix A that has the

1

    term "maximum amount payable" in the reimbursement provision for reimbursement for services rendered to occupationally ill or injured employees, and who have had bills discounted pursuant to the First Health provider agreement during the class period, March 25, 1999 through September 3, 2014, by discounting the billed charge when the billed charge was less than the applicable state or federal fee schedule amount.

3.  The Court appoints plaintiffs Chehalem Physical Therapy, Inc. and South Whidbey Physical Therapy and Sports Clinic as representatives for the Settlement Class;

4.  The Court appoints Class Counsel for the Settlement Class as follows: Steve D. Larson of Stoll Stoll Berne Lokting & Shlachter P.C. as Lead Counsel; Joshua L. Ross of Stoll Stoll Berne Lokting & Shlachter P.C. as Liaison Counsel; and Stoll Stoll Berne Lokting & Shlachter P.C.; Law Offices of Diana E. Godwin; Cox Cox Filo Camel & Wilson, LLC; the Murray Law Firm; and the Williams Family Law Firm, LLC, as class counsel, and finds that Class Counsel will fairly and adequately represent the interests of the Settlement Class;

5.  The Court finds that the methodology and manner of identifying Settlement Class members (Exhibit 1) and providing notice will reasonably and adequately advise the members of the Settlement Class of their rights and obligations under the Settlement Agreement, and is the most practicable method under the circumstances;

6.  The Court approves, as to form and content (or as may be amended by the Court) the Class Notice, Claim Forms and Instructions attached as Exhibits 2-3. The Court finds that the dissemination of the Class Notice, as set forth in the Settlement Agreement and directed by this Order, constitutes the best notice practicable under the circumstances and provides sufficient notice to the members

of the Settlement Class. The contents of the Notice and the manner of its dissemination satisfy the requirements of state and federal Due Process and the requirements of Fed. R. Civ. P. 23(c)(2)(B). The Court authorizes the parties to make minor revisions to the Notice as they may jointly deem necessary or appropriate without the necessity for further Court action or approval;

7. The court appoints the Rust Consulting Firm (the "Settlement Administrator") to administer the notice procedure, and to process and adjudicate the claims of the Settlement Class members, process payments to the Settlement Class members, and process opt-outs of Settlement Class members;

8. The Court orders that the Notice be sent, at Coventry's expense, by United States mail, to Settlement Class members that have been identified by Coventry in accordance with the methodology attached hereto as Exhibit 1. To the extent Notices are returned as undeliverable, the Settlement Administrator will undertake reasonable efforts to obtain current addresses for the Settlement Class members, including searching in the National Change of Address (NCOA) database, and/or Lexis Nexis.

9. A Fairness hearing shall be held by this Court to consider and finally determine:

   (a) Whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

   (b) Whether the certification of the Class is appropriate;

   (c) Whether to approve Class Counsel's Motion for Attorneys' Fees and Costs, and for Service awards to the Class Representatives;

(d) The approval of such opt out requests as have been properly and timely submitted in accordance with the Settlement Agreement;

(e) The merits of any objections to the settlement properly and timely submitted by any members of the Settlement Class; and

(f) Such other matters as may properly come before the Court in connection with the Fairness Hearing.

10. The Court may adjourn or postpone the Fairness Hearing without further notice to members of the Class other than by announcement at the Fairness Hearing or any other public proceeding in this action.

11. By the later of April 15, 2014, or fourteen (14) days after the entry of this Order, Coventry will supply the Settlement Administrator with a list of the names, last known addresses, last known telephone numbers, and last known email addresses of the Settlement Class Members identified by the methodology in Exhibit 1, to the extent such information appears in the readily available computerized records of Coventry;

12. Any members of the Settlement Class who do not request exclusion, and who object to the settlement in compliance with the requirements of the Settlement Agreement and the Notice, may appear at the final approval hearing in person or through counsel to show cause why the settlement should not be approved as fair, reasonable and adequate;

13. Any member of the Settlement Class who desires exclusion therefrom must submit a request for exclusion in the manner, and by the date set forth in the

Notice. All Settlement Class members who properly and timely submit a request for exclusion shall have no rights with respect to the settlement;

14. If the Settlement Agreement is finally approved, the Court shall enter an Order and Judgment finally approving the Agreement. This Order shall be fully binding with respect to all members of the Settlement Class who did not request exclusion in the manner and by the date set forth in the Notice;

15. All discovery, pretrial deadlines and other pretrial proceedings in this matter are stayed until further Order of the Court, except as otherwise agreed to by the parties or as may be necessary to implement the Settlement Agreement or this Order;

16. In the event that the settlement provided in the Settlement Agreement is not finally approved by the Court, or entry of an Order and Judgment does not occur for any reason, the Settlement Agreement, and all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection with the settlement shall become null and void. In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any and all parties thereto, who shall be restored to their respective positions as of the date of the execution of the Settlement Agreement;

17. Nothing in this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class certification is or may be appropriate in any other action;

18. The dates of performance of this Order are as follows:

(a)  The Notice shall be disseminated in accordance with the provisions of the Settlement Agreement, by the later of June 2, 2014 or 60 days after the entry of this Order;

(b)  Class Counsel shall prepare and serve any motion for attorneys' fees and costs, or for service awards to the Class Representatives by the later of July 14, 2014, or 104 days after entry of this Order;

(c)  Requests for exclusion must be received by the later of July 30, 2014 or 120 days after the entry of this Order;

(d)  Objections to the settlement must be postmarked by the later of July 30, 2014 or 120 days after the entry of this Order;

(e)  Class Counsel shall prepare and file a list of Settlement Class members who have filed timely requests for exclusion by the later of August 13, 2014, or 134 days after entry of this Order;

(f)  The parties shall jointly prepare and serve papers in support of final approval of the settlement, responding to any objections or motions to intervene, by the later of August 13, 2014, or 134 days after entry of this Order;

(g)  The final approval hearing shall be held on September 3, 2014, at 10:00 a.m.;

19. The Court retains jurisdiction to consider all further applications arising out of this settlement.

IT IS SO ORDERED

DATED: April 1, 2014

/s/ Dennis J. Hubel
Hon. Dennis J. Hubel
United States Magistrate Judge

7