UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHEHALEM PHYSICAL THERAPY, INC. and SOUTH WHIDBEY PHYSICAL THERAPY AND SPORTS CLINIC,<br><br>Plaintiffs,<br><br>vs.<br><br>COVENTRY HEALTH CARE, INC.,<br><br>Defendant. | No. 03:09-cv-00320-HU<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT, AND AWARDING ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS** |

Steve D. Larson
Joshua L. Ross
STOLL STOLL BERNE LOKTING & SCHLACHTER, P.C.
209 S.W. Oak Street, Fifth Floor
Portland, OR  97204

Arthur M. Murray
Stephen B. Murray
Stephen B. Murray, Jr.
Korey A. Nelson
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130

Diana E. Godwin
LAW OFFICE OF DIANA GODWIN
1500 N.E. Irving Street, Suite 430
Portland, OR 97232

Joseph Payne Williams, Sr.
Richard Bray Williams
WILLIAMS FAMILY LAW FIRM, LLC
162 Jefferson Street
Natchitoches, LA 71457

Thomas A. Filo
COX COX FILO CAMEL & WILSON, LLC
723 Broad Street
Lake Charles, LA 70601

    Attorneys for Plaintiffs

1 09-cv-00320 Final Order

Jennifer A. Adler
V. Robert Denham, Jr.
ROBINS KAPLAN MILLER & CIRESI, LLP
2600 One Atlanta Plaza
650 East Paces Ferry Road, N.E.
Atlanta, GA 30326

John F. McGrory, Jr.
DAVIS WRIGHT TREMAINE, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, OR 97201-5630

Attorneys for Defendant

HUBEL, Magistrate Judge:

This case concerns the proper interpretation of the reimbursement provisions of a preferred provider organization ("PPO") agreement (the "Provider Agreement") between the plaintiffs and First Health Group Corp. ("First Health"), a subsidiary of the defendant Coventry Health Care, Inc. ("Coventry"). The plaintiffs contracted with First Health to participate in the First Health Provider Network – a PPO network maintained by First Health. At issue in this case is whether Coventry properly calculated the amount of reimbursements payable to the plaintiffs for workers' compensation medical services under the terms of the Provider Agreements.

On April 16, 2013, the court certified the following Injunctive Class:

> All health care providers who have a First Health PPO Provider Agreement with a reimbursement procedure providing for the payment of the lesser of (a) the billed charge, or (b) a discount based on a percentage of the

2 09-cv-00320 Final Order

> maximum payable amount under the applicable state's workers' compensation fee schedule (after application of any applicable state rules or guidelines) (hereafter referred to as the "fee schedule maximum"), and who have had a deduction from the billed charge when that charge was less than the fee schedule maximum. Excluded from the class are health care providers in the state of Louisiana.

Dkt. #209.

The parties conducted a comprehensive investigation of the facts and law during the prosecution of this case including, *inter alia*, the exchange and analysis of information pursuant to formal and informal discovery requests, meetings and conferences, interviews of potential witnesses, and depositions. The parties' counsel further investigated the applicable law as applied to the facts discovered regarding the plaintiffs' claims, possible defenses thereto, and the damages claimed by the plaintiffs.

The parties engaged in extensive settlement negotiations, and attended mediation, ultimately culminating in a Settlement Agreement (the "Settlement"). On April 1, 2014, the court entered an Order Granting Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"). Dkt. #245. Among other things, the court conditionally certified, for settlement purposes only, the following Settlement Class:

> All health care providers who have or have had a First Health provider agreement, whose provider agreements have an Appendix A that has the term "maximum amount payable" in the reimbursement provision for reimbursement for services rendered to occupationally ill or injured employees, and who have had bills discounted pursuant to the First Health provider agreement during the class period, March 25, 1999 through September 3, 2014, by discounting the billed charge when the billed charge was less than the applicable state or federal fee schedule amount.

3 09-cv-00320 Final Order

*Id.* The court preliminarily approved the Settlement as being within the range of a fair, reasonable, and adequate settlement in the best interests of the class; designated the two above-named plaintiffs as Class Representatives; appointed Class Counsel; established procedures for class members to opt out of or object to the Settlement; approved as to form and content the Class Notice; found that dissemination of the Class Notice as set forth in the Settlement constituted the best notice practicable under the circumstances; and scheduled a Fairness Hearing for September 3, 2014, for the court to determine whether a Final Order approving the Settlement, and judgment thereon, should be entered. *Id.*

The court further ordered that Notice be sent to the Settlement Class Members, and approved the forms and method of disseminating the Notice and Claim Forms and Instructions. The court found the contents of the Notice and manner of dissemination satisfied the requirements of state and federal due process, and the requirements of Federal Rule of Civil Procedure 23(c)(2)(B). Dkt. ##245, 247.

The case came on for Fairness Hearing on September 3, 2014, for the court's consideration of the parties' joint motion for final approval of the Settlement. *See* Dkt. #252. The court has considered the motion and all supporting documents submitted by the parties, counsels' oral presentations at the Fairness Hearing, and counsels' proposed language for this final order. Based on the foregoing, IT IS HEREBY ORDERED as follows:

/ /

/ / /

/ / /

4 09-cv-00320 Final Order

### *Jurisdiction*

This court has jurisdiction over the claims of the class members asserted in this proceeding, all parties to the action, and all matters related to the Settlement. Jurisdiction is predicated upon 28 U.S.C. § 1332, in that this is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000. This court also has jurisdiction under 28 U.S.C. § 1711 *et seq.* and 28 U.S.C. § 1332(d), because the class members' claims collectively exceed the sum of $5,000,000, exclusive of interest and costs, and a member of the class of plaintiffs is a citizen of a state different from Coventry. Venue is proper in the District of Oregon.

The parties have consented to jurisdiction and the entry of final judgment by a United States Magistrate Judge, in accordance with Federal Rule of Civil Procedure 73(b), with any appeal proceeding directly to the United States Court of Appeals for the Ninth Circuit, in accordance with Federal Rule of Civil Procedure 73©. Dkt. #70.

### *Compliance with Federal Rules of Civil Procedure*

From consideration of all of the briefing, declarations, and argument in this case, including without limitation those related to the court's entry of the Preliminary Approval Order, the court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class and the Settlement.

/ / /

/ / /

5 09-cv-00320 Final Order

### Notice to Class Members

The court finds the Notice given to the Class Members fully and accurately informed them of all material elements of the Settlement, and of their opportunity to object thereto; was the best Notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of Oregon, the Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law. A full opportunity has been afforded to all Class Members to object to the terms of the Settlement. Following Notice, no Class Members lodged objections. The court finds that only the nine Settlement Class Members identified in Exhibit A to this Final Order (the "Excluded Class Members") timely requested exclusion from the Settlement Class. Accordingly, the court finds and determines that all Class Members except the Excluded Class Members are bound by this Final Order, and the Excluded Class Members are hereby excluded from the Settlement Class and have no rights with respect to the Settlement.

In addition, a full opportunity was afforded to the Class Members to participate in the Fairness Hearing, and no Class Members appeared for the hearing.

### Final Approval of Settlement

The court has carefully reviewed the Settlement, and finds the Settlement was the product of intensive, serious, informed, non-collusive, arm's-length negotiations; has no obvious deficiencies; and does not grant improper preferential treatment to any individuals. As directed by the Ninth Circuit Court of Appeals in *In*

re *Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011), and its progeny, the court has considered: (a) the strength of the plaintiffs' case; (b) the risk, expense, complexity, and likely duration of further litigation, including the risk of maintaining class action status through the trial; (c) the extensive investigation, discovery, and research conducted in the case, such that counsel for all parties have been able to evaluate their respective positions reasonably; (d) the substantial monetary and other benefits offered in settlement; (e) the considerable experience and favorable recommendations of counsel; (f) the lack of any governmental participant in the case; (g) the overwhelmingly positive reaction of the Settlement Class; (h) the absence of any accusation or evidence of collusion among the settling parties; and (i) the fact that the Settlement was negotiated after the court certified an Injunctive Class. *See id.*, 654 F.3d at 946.

Pursuant to Federal Rule of Civil Procedure 23(e), the court hereby grants the parties' motion for final approval of the Settlement, and finds the Settlement to be fair, reasonable, adequate, in the public interest, and in the best interests of the Settlement Class. Accordingly, the Settlement is approved as of the date of this Final Order, and the court hereby directs that the settlement be effected in accordance with the terms of the Settlement Agreement, and the terms and conditions set forth below.

### Release of All Claims

With this final approval of the proposed Settlement Agreement, it is hereby ordered that (except with regard to the nine Excluded Class Members, who are expressly excluded herefrom) the Settlement

is in full settlement, compromise, release, and discharge of the plaintiffs' claims in this case, and Coventry has no further or other liability or obligation to any member of the Settlement Class with respect to the plaintiffs' claims in this action, except as expressly provided for in the Settlement.

### Incentive Awards

"Incentive awards are fairly typical in class action cases." *Rodriguez v. West Pub. Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (citations omitted). "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.*, 563 F.3d at 958-59.

The Ninth Circuit has expressed some concern about incentive awards, particularly those that are excessive in comparison to the recovery by individual class members. *See id.* (citing *Staton v. Boeing Co.*, 327 F.3d 938, 977-78 (9th Cir. 2003)). The *Rodriguez* court observed that individuals might be motivated to bring class actions, rather than individual actions, "principally to increase their own leverage to attain a remunerative settlement for themselves and then trading on that leverage in the course of negotiations.'" *Id.*

In the present case, class counsel indicate the Class Representatives participated actively throughout the litigation, and were instrumental in assisting counsel in understanding the underlying factual details, and in producing documents. The Class

8 09-cv-00320 Final Order

Representatives devoted time and energy to the case during more than five years of litigation, and their willingness to assert the rights of Class Members has resulted in significant recovery for the Settlement Class. The $10,000 incentive award requested for each Class Representative was proposed by the parties' mediator, and accepted by the parties as reasonable. In addition, the Settlement provides that the incentive awards will be paid in addition to, rather than drawn from, the monetary benefits to the Settlement Class.

The court finds that payment of an incentive award to the Class Representatives is warranted in light of the benefits they provided to the Settlement Class and Class Counsel. The court orders payment of an incentive award in the amount of **$10,000** to each of the Class Representatives.

### *Attorneys' Fees and Costs*

In cases that are not class actions, it is common for contingency-fee agreements to specify an average fee of one-third of the recovery. In class actions, the Ninth Circuit Court of Appeals has established a 25% benchmark "as the standard for effective representation . . . with appropriate departures for 'unusual circumstances.'" *Razilov v. Nationwide Mut. Ins. Co.*, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006) (Brown, J) (quoting *Paul, Johnson, Alston, & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989)); *Bluetooth*, 654 F.3d at 942 (citations omitted); *accord Laguna*, 753 F.3d at 922 (citations omitted).

Here, class counsel are requesting combined attorney fees and costs of $2.6 million, representing "approximately 21% of the total

9 09-cv-00320 Final Order

constructive Common Fund," and "approximately 23 percent of the total $11.3 million monetary value of the settlement[.]" Dkt. #248, ECF p. 9 & n.1. As part of the Settlement, Coventry has agreed to pay up to $2.6 million in attorney fees and costs. Nevertheless, Coventry's advance agreement "cannot relieve the district court of its duty to assess fully the reasonableness of the fee request." *Bluetooth*, 654 F.3d at 943-44 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 963-64 (9th Cir. 2003); *Knisley v. Network Associates., Inc.*, 312 F.3d 1123, 1125 (9th Cir. 2002)). The court has "an independent obligation to ensure that the award [of attorney fees], like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Bluetooth*, 654 F.3d at 941 (citations omitted).

There are two different methods the courts use to calculate a reasonable attorney fee in a class action case. In cases "where the relief sought is 'primarily injunctive in nature,' and a fee-shifting statute authorizes 'the award of fees to ensure compensation for counsel undertaking socially beneficial litigation,'" the Ninth Circuit has indicated the most appropriate fee calculation method is the "lodestar method." *Laguna v. Coverall N. Am., Inc.*, 753 F.3d 918, 922 (9th Cir. 2014) (quoting *Bluetooth*, 345 F.3d at 941; citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)). In applying the lodestar method, the court multiplies the number of hours expended by counsel "by a reasonable hourly rate for the region and for the experience of the lawyer[s]." *Bluetooth*, 543 F.3d at 941 (citation omitted). The lodestar method is considered "presumptively reasonable," although it may be adjusted upward or downward based on a variety of circumstances. *Id.*

10 09-cv-00320 Final Order

In the second method, "[w]here a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *Id.*, 345 F.3d at 942 (citing *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010) (citation omitted)). The *Bluetooth* court explained that "[b]ecause the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *Id.*

In the present case, the court finds the percentage-of-the-common fund method is appropriate. The court further finds the requested 23% of the total monetary value of the settlement will not "yield windfall profits for class counsel in light of the hours spent on the case[.]" *Bluetooth*, 543 F.3d at 942; *see Zografos v. Qwest Comm. Co., LLC*, 2013 WL 3766561, at *2 (D. Or. July 11, 2013) (Aiken, CJ) ("Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorneys' fees and expenses, and the expense of administration.") (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 479, 100 S. Ct. 745, 749-50, 62 L. Ed. 2d 676 (1980)). Here, Class Counsel and paralegals expended over 6,700 hours during a period of more than five years in representing the plaintiff class, and additional time will be expended until the Settlement is fully administered. In addition, Class Counsel have incurred more than $150,000 in costs in prosecuting the case. Class Counsel are highly experi-

11 09-cv-00320 Final Order

enced in representing clients in class action lawsuits, and the result achieved for the plaintiffs in this case is excellent.

Further, the requested 23% of the total settlement value is manifestly reasonable, and falls below this court's percentage attorney fee awards to class counsel in cases involving large common funds. *See, e.g., Rausch v. Hartford Fin. Servs. Group*, 2007 WL 671334 (D. Or. Feb. 26, 2007) (Brown, J) (awarding 30% of settlement fund); *Razilov, supra* (awarding 30 percent of $19.25 million total settlement fund); *Mark v. Valley Ins. Co.*, 2005 WL 1334374 (D. Or. May 31, 2005) (Brown J) (awarding 30% of settlement fund); *In re S. Pac. Funding Corp. Sec. Litig.*, No. 03:98-cv-01239-MA, Dkt. #346, Order Awarding Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses (Feb. 21, 2001) (Marsh, J) (awarding 40% of cash award, and 30% of warrants); *In re Assisted Living Concepts*, No. 06:99-cv-00167-AA, Dkt. #132 (Nov. 30, 2000) (Aiken, J) (awarding 25% of $30 million settlement); *Freedman v. Louisiana Pac. Corp.*, No. 03:95-cv-00707-JO, Dkt. #182 (Feb. 12, 1997) (Jones, J) (awarding 25% of $65 million settlement).

Accordingly, the court **grants** the plaintiffs' counsels' unopposed motion for attorney fees and expenses in the amount of **$2.6 million**, for all past and remaining work until the completion of this matter. The court finds this award is fair and reasonable under the circumstances.

### *Scheduling Order*

Assuming no timely appeal of this Final Order is filed, the following deadlines will control in effectuating the Settlement:

12 09-cv-00320 Final Order

| | |
|---|---|
| Coventry to deposit $5 million with Claims Administrator to fund the Guaranteed Fund | November 3, 2014 |
| Coventry to pay all attorney fees and costs awarded by the court | November 3, 2014 |
| Coventry to deposit with Class Counsel all Incentive Awards ordered by the court | November 3, 2014 |
| Coventry to mail all Base Guaranteed Payments to Notified Class Members, with instructions on how to submit a claim for Additional Guaranteed Payment, and Individual Claim Payment | November 18, 2014 |
| Claims postmark deadline for Additional Guaranteed Payments and Individual Claim Payments | March 18, 2015 |
| Cure postmark deadline for timely claims | May 15, 2015 |
| Claims Administrator to inform Coventry of the amount to deposit for Individual Claim Payments | June 15, 2015 |
| Coventry to fund the Individual Claim Fund, up to $3,500,000, based on approved claims for Individual Claim Payments as specified in the Settlement Agreement | June 30, 2015 |
| Coventry to mail all approved Additional Guaranteed Payments, and all approved Individual Claim Payments | July 15, 2015 |

If a timely appeal of this Final Order is filed, then all of the deadlines set forth above will be deemed stricken pending resolution of the appeal. The parties are directed to notify the court promptly when any appeal is resolved, at which time the court will schedule a status conference to discuss further proceedings in this matter.

### *Dismissal; Continuing Jurisdiction*

This case is hereby **dismissed with prejudice**. Without affecting the finality of this Final Order and the Judgment entered hereon, the court reserves continuing and exclusive jurisdiction

13 09-cv-00320 Final Order

1 | over all matters related to the administration and consummation of
2 | the terms of the Settlement.
3 |     The Clerk of Court is directed to enter Judgment in this
4 | action consistent with the terms of this Order.
5 |     IT IS SO ORDERED.

Dated this 3rd day of September, 2014.

_____
Dennis James Hubel
Unites States Magistrate Judge

**EXHIBIT A - EXCLUDED CLASS MEMBERS**

1. Advanced Therapy Solutions
   8811 Warren H. Abernathy Way
   Spartanburg, SC  29301

2. Gulf Coast Medical Center
   11528 US Highway 19
   Port Richey, FL 34668

3. Headache and Neurological Treatment Institute
   2137 W. State Road 434
   Longwood, FL 32779

4. Physical Therapy Associates of Tifton
   1641 Madison Avenue
   Tifton, GA 31794

5. Rose Radiology Centers
   4133 Woodlands Parkway
   Palm Harbor, FL 34685

6. Southern Maine Physical Therapy
   449 Cottage Road
   South Portland, ME 04106

7. Back in Motion Physical Therapy
   94 Main Street
   Gorham, ME 04038

8. Greater Brunswick Physical Therapy
   11 Bowdoin Mill Island, Suite 220
   Topsham, ME 04086

9. Peter Cooper
   110 Portland Street
   Yarmouth, ME 04096